### J. M. OSBORN
### v.
### HENRY PHILPOT.

*Justices—Action Before—Consolidation of Claims.*

In an action before a justice of the peace a plaintiff is not bound to consolidate two demands in one suit where one demand is for labor and the other is for damages for a breach of a contract.

[Opinion filed July 5, 1892.]

APPEAL from the Circuit Court of Moultrie County; the Hon. E. P. VAIL, Judge, presiding.

Mr. R. M. PEADRO, for appellant.

Mr. W. G. COCHRAN, for appellee.

MR. JUSTICE BOGGS. This action, brought by the appellee against the appellant, was submitted to the court for trial upon the following stipulation of facts: The defendant was indebted to the plaintiff $44.50; that said amount was composed of two items, $14.50 of which was for labor, and $30 of which was for damages claimed for a breach of a contract for a failure to repair or build a barn; that two summons were issued by the justice on the same day; that the demand on the back of one was for $14.50, and on the other, demand on the back was $75; that. the former was first issued, and the time set for trial was at 9 o'clock A. M.; that the time set for the trial of the latter was 10 o'clock; that both trials

were set for the same day; that a trial was had on the first and both the plaintiff and defendant testified as well as other witnesses; that judgment was rendered in the first trial for the plaintiff for $14.50, for wages of laborer or servant; that on the second of said trials the defendant offered in evidence said judgment and set the same up as a bar to the second suit; the justice rendered judgment for the plaintiff for $30; that the first of said judgments remains in full force; that this appeal is taken from the said second judgment.

It is also agreed that, before the commencement of the suit for the amount due plaintiff for wages as a laborer or servant, he made demand, in writing, of the defendant for the sum so due of $14.50 more than three days before commencing said suit, and that he claimed and recovered judgment for the sum so demanded for wages of a laborer or servant, and $5 as attorney's fees, taxed as costs in said cause, and that both claims were due and payable at the time the demand was made in writing on defendant.

The only question presented is, whether the appellee, having two demands against the appellants, was required by Sec. 48, Chap. 78 of the Revised Statutes, to "bring forward both demands" in an action before a justice of the peace. The section of the statute cited requires this to be done when the demands are of a nature to be consolidated. The best test of whether they are of a nature to be consolidated is, whether the same judgment may be rendered on both demands. Dalson v. Bradberry, 50 Ill. 82; Amer. & Eng. Encyc. of Law, Vol. 11, pages 990 and 991. Upon his demand for wages as a laborer, the appellee would be entitled, under Sec. 4, Chap. 52, Hurd's Statutes, to a judgment expressing the fact that it was rendered for the wages of a laborer, the legal effect of which would be to deprive the appellant of the right to claim any personal property to be exempt as against such judgment. Upon the other demand the appellee could only have an ordinary common law judgment against which appellant might claim the exemptions provided by law. One judgment could not

be rendered upon these demands without depriving the appellee of a valuable statutory right as the result of their consolidation. Upon one claim the appellee had the right to a statutory judgment greatly to his benefit, and upon the other claim he could only have the ordinary judgment and the ordinary process for its collection. In a legal sense the claims or demands were not of a nature to be consolidated.

The ruling and judgment of the court was correct, and is affirmed.

*Judgment affirmed.*