## Moses W. Resser v. James S. Corwin.

1. LEASE—*Repudiation for Fraudulent Misrepresentations.*—When a tenant desires to repudiate a lease for fraudulent misrepresentations in the execution thereof on the part of the·landlord he· should do so at once upon the discovery of such misrepresentations.

2. SAME—*Fraud in the Execution.*—A lease under seal can only be defeated by showing fraud in the execution, whereby the party was deceived and caused to sign something that he had not intended to execute.

3. FRAUD—*In the Execution of a Deed—Equity Jurisdiction.*— When a party voluntarily and knowingly executes a deed, even though it be by the fraudulent contrivance of others, it can only be impeached and set aside, and parol evidence received for that purpose, in a court of equity.

4. DAMAGES—*Elements of, After an Abandonment of a Lease by the Lessee—Evidence.*—In an action by the lessor upon a lease after abandonment by the lessee, it is competent, for the purpose of showing the damages sustained by the lessor, to prove how much the demised premises· netted him after such abandonment.

5. SAME—*Measure of.*—The measure of damages for the abandonment of a lease by the tenant is the rent agreed to be paid less whatever the landlord could have made out of the premises by the use of due· diligence, after it came into his possession.

Covenant, on a sealed lease. Appeal from the Circuit Court of Henry County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed June 26, 1897.

GRAVES & BROWN, attorneys for appellant.

In a suit at law upon an instrument under seal, it is error to allow proof of fraudulent representations as to the consideration for the purpose of defeating the instrument. Windett v. Hurlbut, 115 Ill. 403.

If fraud is relied upon as a basis of a claim for damages by way of recoupment, it must have been such as ordinary prudence would not have protected the party setting it up, from. Noetling v. Wright, 72 Ill. 390.

The representations must be such as an ordinarily prudent man would rely on as truth. Grier v. Puterbaugh, 108 Ill. 602; Schwabacker v. Riddle, 99 Ill. 343.

If the party could have ascertained the falsity of the statements by ordinary diligence and attention, he had no right to rely upon them. Tuck v. Downing, 76 Ill. 71; Dunbar v. Bonesteel, 3 Scam. 32; Schwabacker v. Riddle, 99 Ill. 343; Budlong v. Cunningham, 11 Brad. 28; Grier v. Puterbaugh, 108 Ill. 602; Linington v. Strong, 111 Ill. 152; Eames v. Morgan, 37 Ill. 260.

If a party is induced to enter into a contract by fraud, he may avoid the contract, if he seeks to do so within a reasonable time after the discovery of the fraud. Patton v. Campbell, 70 Ill. 72; Warren v. Tyler, 81 Ill. 15; Hall v. Fullerton, 69 Ill. 448; Warren v. Walbridge, 61 Ill. 173; Rogers v. Higgins, 57 Ill. 244; Cox v. Montgomery, 36 Ill. 396; Cox v. Montgomery, 43 Ill. 110.

A lessee can not surrender premises leased to him before the expiration of the term, so as to absolve himself from the payment of rent thereafter, without the consent of the lessor. Stobie et al. v. Dills, 62 Ill. 432; Am. & Eng. Ency. of Law, Vol. 12, 752, and note; Am. & Eng. Ency. of Law, Vol. 12, 751.

DUNHAM & FOSTER, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellant, by written lease under seal, demised certain land to appellee, for a term of five years from January 1, 1893, at a rental of one hundred dollars for the first year and two hundred dollars per year for the four succeeding years.

Appellee went into possession, and after occupying about fourteen months abandoned the premises after tendering the possession to appellant. There is a dispute between the parties as to whether appellant accepted the possession and we think a preponderance of the evidence shows he refused to do so, but when the premises were abandoned he took and held possession, and after the second year of the demised term expired he brought this suit.

The action was covenant, and various breaches were assigned, viz., non-payment of rent, a failure to trim hedges, to spread manure, to preserve the trees, and farm the land in a workmanlike manner according to the terms of the lease.  Appellee pleaded *non est factum*, and there was a stipulation that under this plea any defense might be made that could be made under any plea well pleaded.

There was a general denial of all the breaches relied on except the covenant to pay rent, and as to that breach there was an attempt to defend on the ground that appellee had been induced to execute the lease by fraudulent misrepresentations of appellant, and a further attempt was made to claim damages by way of recoupment, on account of the defective quality of the land by reason of its liability to overflow.

There was a trial by jury resulting in a verdict and judgment in favor of appellee, a motion for new trial being overruled.

It seems there had been a former suit before a justice of the peace, brought by appellant to recover the first year's rent.  In that suit the only defense set up by appellee was a set-off of $34 for work and labor performed by appellee for appellant.  On the trial of the case in the Circuit Court on appeal, appellant recovered judgment for the difference between the $34 and the $100 rent due for the first year, and that judgment was paid by appellee.

We think appellee waited too long before attempting to rescind the contract.  The lease was made March 22, 1892, and appellee took possession March 1, 1893, and held it for about fourteen months.  He had ample means of ascertaining the character of the land, and its liability to overflow, before he took possession.  In fact, we think the evidence shows he knew the land was wet and overflowed before he entered upon the performance of the contract, and if he desired to rescind he should have done so within a reasonable time, and would have no right to wait until March 1, 1894, which would certainly be an unreasonable time.

The grounds of the defense were alleged fraudulent mis-

representations of appellant before the execution of the lease, that the land did not overflow.

Having elected not to rescind the contract within a reasonable time, and having treated it as being in full force by occupying and paying rent for the first year, appellee could not set up the alleged fraudulent misrepresentations as a warranty that the land did not overflow, because that would be to contradict, enlarge or vary the terms of the written lease which contained no such warranty.

The lease, being under seal, could only be defeated by showing fraud in the execution, whereby the party was deceived, and caused to sign something that he did not intend to execute. When a party voluntarily and knowingly executes a deed, even though it be by the fraudulent contrivances of others, it can only be impeached and set aside, and parol evidence be received for that purpose in a court of equity. Windett v. Hurlbert, 115 Ill. 403.

There is no pretense in this case that appellee did not know and understand what he was signing when he executed the lease.

The evidence as to damages claimed by appellee in consequence of the inferior quality of the land on account of overflow, was improperly admitted, and in this we think there was error.

We do not think the evidence as to the suit between the parties for the first year's rent was admissible for the purpose claimed by appellant, that is, to show that appellee was barred of his claim for damages, had he been entitled to recoup damages, which, however, we hold he was not. The supposed demand of the appellee was not of such a nature as he was bound to set up in the suit before the justice of the peace. See Osborn v. Philpot, 46 Ill. App. 274.

The evidence offered, however, was admissible to show that the lease at that time was in force, and the adjudication between the parties as to rent due upon it, would have been conclusive as to the existence of the lease.

For the purpose of showing the damages sustained by

him, appellant offered to prove how much the land netted him after it was abandoned by appellee. The court refused to receive the evidence, and this, we think, was error. If appellant was entitled to recover, his measure of damages would be, the rent agreed to be paid, less whatever he could have made out of the land by the use of due diligence after it came into his possession. In other words, he could only recover such sum as would make him whole. For the purpose of proving a basis for the estimation of damages, the evidence should have been admitted.

The instructions which authorized the jury to allow a recoupment for damages alleged to have been sustained on account of the inferiority of the land and its overflow, were erroneous under the views above expressed, and should not have been given. Other errors in the instructions, if any exist, can be corrected on another trial.

For the reasons given, the judgment must be reversed and the cause remanded.