## THE WEST SIDE AUCTION HOUSE COMPANY

*v.*

## THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY.

*Opinion filed June 21, 1900.*

1. CORPORATIONS—*when lease by corporation is sufficiently executed.* A lease purporting to be the deed of a corporation is sufficiently executed if the corporate seal is affixed and properly attested by the secretary, and parties objecting thereto have the burden of proving that it was not so executed.

2. VARIANCE—*what not a variance between declaration and lease.* A declaration on a lease between corporations is not variant from the lease because it omits the words "of Hartford" after the name of the lessor, and "of the city of Chicago, county of Cook and State of Illinois," after that of the lessee.

3. SAME—*alleged variance must be pointed out in trial court.* An alleged variance can only be taken advantage of upon the trial by a timely objection specifically pointing it out, so that it may be avoided by amendment, if necessary.

4. EVIDENCE—*when proof of existence of corporation is sufficient.* The execution and delivery of a lease by defendant to plaintiff as a corporation is sufficient evidence of plaintiff's corporate existence, notwithstanding defendant's pleas of *nul tiel corporation* and *non est factum*, where the evidence shows the execution of the lease by defendant and there is no evidence to overcome plaintiff's *prima facie* corporate existence.

5. LANDLORD AND TENANT—*landlord's taking possession after abandonment is not a waiver of lease.* Upon abandonment of premises by the lessee it is the right and duty of the lessor to take charge of the property, preserve it from injury, and, if possible, re-rent it and thus reduce the amount for which the lessee is liable.

*West Side Auction House* v. *Conn. Ins. Co.* 85 Ill. App. 497, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

W. A. PHELPS, and J. B. MUIR, for appellant.

E. PARMALEE PRENTICE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action in assumpsit by appellee against appellant, begun in the superior court of Cook county, to recover rent, at $200 per month, under a lease held by appellant, as tenant of appellee, for certain premises in Chicago. Appellant on the last of October, 1895,—seven months before the expiration of the term,—sent to appellee the keys of the building, accompanied by the following letter:

"*Isham & Prentice, City:*   "CHICAGO, *October 30, 1895.*

"GENTLEMEN—I return you herewith by bearer the keys (seven) of No. 209 and 211 West Madison street, Chicago, city. The premises are in such bad condition, and as you refuse to make them tenable I cannot make any use of them. I might add, when you rent the building I shall look for a reasonable compensation for the fixtures, etc., which are mine.

"Yours truly,   JOHN J. WALLS."

To this letter the appellee, by its attorney, on the same day replied, as follows:

"CHICAGO, *October 30, 1895.*

"*The West Side Auction House Co., 209 West Madison St., Chicago:*

"GENTLEMEN—Messrs. Isham & Prentice have referred to me the letter addressed by Mr. Walls to them, enclosing keys to property rented to your company by the Connecticut Mutual Life Insurance Company. We can, if you desire, hold the keys for you, but they are at your service, and we cannot consent to any cancellation of the lease, if that is intended by your note. Among other reasons, we have no authority to consent to such cancellation. I note from Mr. Walls' statement that you have left certain fixtures on the leased property. By this I judge that you are still in possession, although you have given the keys to us. We shall assume no responsibility for your property at all.   E. PARMALEE PRENTICE."

Upon appellant failing to pay the rent for the months of October and November, 1895, appellee brought a suit therefor and recovered a judgment for $400. On April 21, 1897, appellee begun this suit to recover the rent, with interest, for the remaining five months of the term.

The declaration consists of two special counts (the first upon the lease, the second for use and occupation,) and the common counts. To these counts the defendant pleaded the general issue; *non est factum* verified; surrender of the premises and acceptance by the defendant; that defendant did not use and occupy the premises described in the second count; and lastly, *nul tiel corporation.* Issues were formed on these pleas and a trial was had before the court and jury, resulting in a verdict, under the direction of the court, for the plaintiff for $1127.90. Judgment was rendered for that amount, and an appeal was taken to the Appellate Court for the First District. Judgment was there affirmed, and the cause is brought here upon further appeal.

Three grounds of reversal are named by counsel for appellant: First, that the trial court erred in instructing the jury to find for the plaintiff; second, that it improperly admitted the lease sued on in evidence; and third, that it erred in holding that the former suit upon the lease was *res judicata* in this case. The last question, as shown by the abstract, is not an issue in the case.

The first ground of reversal in fact includes the second, because if the lease was improperly admitted, plaintiff failed to make out its case, without any reference to the defenses.

Upon the offer of the lease defendant objected to its introduction in evidence,—first, "because it does not purport to be executed by the West Side Auction House Company, the defendant; it is void, signed only by John J. Walls; second, it is variant from the instrument declared on, as described in the declaration; it is not the instrument described in the declaration." These objections were each overruled and exceptions taken.

The lease is signed "The Connecticut Mutual Life Insurance Company, by John D. Parker, Assistant Secretary," with seal; and the signature of the second party is, "Jno. J. Walls, Sec'y," and on the margin, "W. S. A. H. Co.,

Seal." It was not denied,—in fact it is stated in the abstract,—that this was the corporate seal of the second party to the contract. What is termed the "party clause" in the lease describes the first party as "The Connecticut Mutual Life Insurance Company *of Hartford*," and the second party as "The West Side Auction House Company *of the city of Chicago, county of Cook and State of Illinois.*" The declaration describes the insurance company by the name signed to the lease and the defendant as the West Side Auction House Company. We said in *Wood* v. *Whelen*, 93 Ill. 153, the question being whether a mortgage had been executed by a corporation (p. 162): "The execution of a mortgage, under the seal of the company, regular on its face, by the properly constituted officers, is *prima facie* evidence it was executed by the authority of the corporation, and parties objecting take on themselves the burden of proving it was not so executed." In *Indianapolis and St. Louis Railroad Co.* v. *Morganstern*, 103 Ill. 149, in considering the execution of a bond, we again said: "The bond appears to have been executed under the seal of the corporation. This raises the presumption that the person using the seal had authority to do so. There is no attempt to impeach the authority, nor is it claimed the seal of the corporation has been improperly used." It is a general rule that an instrument purporting to be the deed of a corporation is sufficiently executed when the corporate seal is affixed and properly attested by the secretary. There is no dispute of fact in regard to the execution of the lease in question, and it was simply for the court to determine, as a matter of law, whether, on its face, it was the contract of the defendant, and that question we have no doubt it decided correctly. It also appears, without contradiction, that the defendant occupied the premises under this lease during the months of May, June, July, August and September, 1895, and paid the rent according to the terms of the lease. There was

here a clear recognition and ratification of the lease, if any such recognition or ratification had been necessary.

The contention that there is a variance between the lease as offered in evidence, and the declaration, is based upon the fact that the declaration omits the additional words "of Hartford" and "of the city of Chicago, county of Cook and State of Illinois." We do not regard these additions to the title of plaintiff and defendant as at all material in their name or description, and especially since the objection on the ground of variance did not specifically point out wherein the variance exists. A variance can only be taken advantage of upon the trial by a timely objection specifically pointing it out, so that it may be avoided by proper amendment. But, as before stated, the alleged variance does not exist.

It is also contended that the plaintiff failed to make out a case under the issues, because it made no proof of its corporate existence in answer to the plea *nul tiel corporation.* The rule is well settled that the execution and delivery of an instrument to a corporation, as such, is *prima facie* evidence of the existence of the corporation, and no proof thereof is necessary until such proof is rebutted. (*Brown* v. *Mortgage Co.* 110 Ill. 235; *Hudson* v. *Green Hill Seminary,* 113 id. 618; *Ward* v. *Minnesota and Northwestern Railroad Co.* 119 id. 287.) Here the lease shows upon its face that it is executed by the insurance company as a corporation, and the defendant, by contracting with it as such, admits its corporate existence. But it is said this rule only applies where the execution of the contract is admitted, whereas here there was the plea of *non est factum.* We do not regard this attempted distinction as existing. As we have already seen, the proof shows that the contract was entered into and the effect of the contract so proved is the same as though its execution had been admitted.

We think the plaintiff made a *prima facie* case entitling it to recover the rent claimed for the unexpired term.

Did the evidence fairly tend to prove the defense relied upon by the defendant—that is, that the premises had been surrendered prior to the months for which rent is here claimed? If it did not, then, under repeated decisions of this court, it was not error for the trial judge to instruct the jury to find for the plaintiff. If there is any merit in this appeal it arises on this branch of the case. On the 30th of October, 1895, the lessee sent to the agents of the lessor the keys of the building, with the letter above mentioned, and on the same day received the reply refusing to accept the surrender of the lease. It is clear that there was here no consent upon the part of the landlord to accept a surrender of the premises. In fact, there was not an unconditional offer to surrender, but only an offer with a claim that if a surrender be accepted and the building re-rented the lessee should have a reasonable compensation for the fixtures which it claimed, in the building, and which the evidence shows never were removed.

It is said, however, that after the surrender of the keys the lessor put up signs to rent the property, and that it cleaned out the building. Upon the abandonment of the leased premises by the tenant it was the right and the duty of the landlord to take charge of the premises, preserve them from injury, and, if it could, re-rent them, thus reducing the damages for which the lessee was liable.

We find no competent evidence in this record legally tending to prove that there was a mutual agreement between the parties for the canceling of the lease, and there is no pretense of a right on the part of the lessee to surrender the premises and cancel the lease without the consent of the lessor. There being no evidence fairly tending to prove the defenses offered, the peremptory instruction was properly given.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*