### Eva M. Rau v. D. W. Baker, et al.

#### Gen. No. 11,754.

1. RENT—*what does not absolve tenant from liability to pay.* Where a tenant wrongfully abandons demised premises, he cannot interpose the want of diligence of his landlord in failing to re-rent the premises as a defense to an action for the rent accruing after such abandonment.

2. CONTINUANCE—*when affidavit for, defective.* An affidavit for a continuance is defective where it does not state that there was no other witness than the absent one who can testify to the alleged facts, nor that the alleged facts are true, nor that such testimony would be procured if the case should be continued.

Action of assumpsit. Appeal from the County Court of Cook County; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed February 9, 1905.

FRANK E. MAKEEL and THOMAS E. D. BRADLEY, for appellant.

WARVELLE & CLITHERO, for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellees sued appellant and her husband, Robert Rau, for a balance of rent claimed to be due on a written lease, executed by appellees to appellant and her husband, of certain premises in Chicago, Illinois. The suit was brought before a justice of the peace. Robert Rau was not served,

and the justice rendered judgment against appellant for the sum of $185 and costs.   On appeal to the County Court appellees recovered judgment for the same sum and costs.

September 14, 1900, appellees executed to appellant and her husband the lease of the premises therein described, to have and to hold the same from September 16, 1900, until April 30, 1902, for the sum of $645, payable in monthly installments of $30 until April 30, 1901, and of $35 for the remainder of the term.   The lessees paid $30 per month until April 30, 1901, when, by appellees' consent, the lessees assigned the lease to Mrs. Tillie L. Stewart, who paid the stipulated rent from May, 1901, till October of the same year, when she abandoned the premises because, as she testified, she was unable to pay $35 per month and the lessors would not accept $25 per month, which she offered to pay.   After Mrs. Stewart abandoned the premises, appellees rented them from February 1 to May 1, 1902, to a Mrs. Bingham for $30 per month and collected the rent, $60.

Notwithstanding the assignment, the lessees remained liable for the rent, as matter of law.   Taylor on Landlord and Tenant, 8th ed. sec. 438.   But, in the present case, a condition of the written assent of appellees to the assignment was " that the assignor shall remain liable for the prompt payment of the rent," etc.   Also indorsed on the lease is the following:

"In consideration of the above assignment and the written consent of the party of the first part thereto, I hereby assume and agree to make all the payments and perform all the covenants and conditions of the within lease, by said party of the second part to be made and performed.

Witness our hands and seals this 22d day of April, A. D. 1901.

| | |
|---|---|
| ROBERT RAU, | [SEAL] |
| EVA M. RAU, | [SEAL] |
| TILLIE L. STEWART | [SEAL]." |

Appellant and her husband also guaranteed the payment of the rent by Mrs. Stewart.

It is not claimed that the amount of the judgment, $185, was more than the amount remaining due and unpaid under the lease. The court instructed the jury to find the issues for the plaintiffs, and to assess the damages at the sum of $185, and appellant's counsel contend that there was evidence tending to prove that appellees did not exercise reasonable diligence to save appellant from loss and to secure a tenant for the premises, and that, at least, part of the sum of $185 was lost by such failure to use reasonable diligence. Counsel argue that appellees should have received $25 from Mrs. Stewart for the October, 1901, rent. Appellees' agent testified that the person who brought the $25 to him said to him that Mrs. Stewart wanted a receipt for the rent for the month of October, and that he refused to take the money and give a receipt in full for the October rent. It is very evident from the testimony of Mrs. Stewart that the money was tendered in full. She testified: Q. " She brought it back? " A. "Yes, and said they refused to accept it." Q. "And then you moved out? " A. "Yes, sir." Q. "And then you moved out, because they would not accept the twenty-five dollars? " A. "Yes, they said if I would not pay the thirty-five dollars I could get out."

Had appellees decreased the rent from $35 to $25 per month, appellant, doubtless, would be here complaining that she had lost $10 per month by appellees' negligence.

Counsel cite West Side Auc. Co. v. Conn. Ins. Co., 186 Ill. 156, in support of the proposition that, as between landlord and tenant, there is an obligation on the former, in case of the abandonment of the premises by the latter, to re-rent them, if possible, or lose his rent. We do not so regard the case. In that case the lessee sent to the agents of the lessor the keys of the demised building, with a letter to the effect that the lessee could not use the building, to which the agents replied that they would not consent to a cancellation of the lease. After the agents received the keys they put up " to rent " signs on the building, and the lessee claimed that this showed a surrender of the property. The court held the contrary, saying, among other things: "Upon

the abandonment of the leased premises by the tenant, it was the right and the duty of the landlord to take charge of the premises, preserve them from injury, and, if it could, re-rent them, thus reducing the damages for which the lessee was liable."

In Humiston, Keeling & Co. v. Wheeler, 175 Ill. 514, 516, the court say: "In case of an abandonment, without fault of the landlord, or as the result of his acts, he may re-enter and again rent the premises, and credit the lessee with the proceeds; and his so taking possession does not relieve from the payment of rent." This was said in answer to the claim by the tenant that the landlord's entry was an eviction. While in case of abandonment by the tenant the authorities are that the landlord may re-enter and re-rent, if he can, we know of no case in which it has been held that the landlord must, if he can, re-rent or lose his remedy against the lessee on the lease; nor do we think any such case can be found. The contract remains in force, notwithstanding the abandonment of the premises by the tenant, and the tenant's covenant to pay rent is unimpaired; and we cannot understand how the tenant, by his own wrongful act, can impose on his landlord the alternative of diligently seeking another tenant or losing his remedy on the covenant.

When the case was called for trial, appellant moved for a continuance, and filed in support thereof the affidavit of Robert Rau. The court overruled the motion, it being admitted by appellees' attorney, subject to the court's decision as to competency, that appellant would testify, if present, as stated in the affidavit.

On the trial appellant's attorney offered to read in evidence the allegations in the affidavit as to what appellant, if sworn as a witness, would testify to; but the court excluded the evidence as immaterial. Appellant's abstract of the affidavit is as follows:

"Affiant being first sworn, says that he is the agent in this behalf of defendant; that the interests of defendant cannot be properly represented during the trial of said cause without the presence of defendant, who is a material wit-

ness and whose presence is necessary for the purpose of advising her counsel; that defendant is unable by reason of illness to appear in court and testify; that her present condition is of about ten days' duration, during which time she has been unable to endure the strain of an examination and cross-examination; that if defendant were present at the trial she would testify that after she executed the assignment to Mrs. T. L. Stewart of the lease upon which this suit was brought, defendant was not notified and had no knowledge that plaintiffs contemplated the execution of a lease of the premises described in said lease to one Mrs. Bingham, or any other person, and gave no consent to such leasing; nor did she ever authorize the plaintiffs or any one acting in their behalf to change the occupant of said premises or lease the same to any other person than said Stewart; that defendant was not consulted by plaintiffs, or by any one acting for them, as to whether the said Stewart should be permitted to remain in said premises, and never gave any consent or authority to the plaintiffs, or any one acting for them, to direct or require said Stewart to vacate said premises, and was not aware that plaintiffs had refused to accept the sum of $25.00 from said Stewart until after said Stewart had removed from said premises, and did not know that said premises had been leased to said Mrs. Bingham and a guarantor taken upon said Bingham's lease until such lease had been executed."

Appellant's counsel now urge that the court erred in not granting a continuance, and, also, in not permitting the affidavit to be read. The affidavit does not state that there is no other witness than appellant, who can testify to the alleged facts, nor that the alleged facts are true, nor that her testimony would be procured if the case should be continued, and the facts, which it is deposed she would testify to, are immaterial; therefore, there was no error in the court's rulings. The language of the court in W. Side Auc. Co. v. Conn. Ins. Co., *supra*, cited by appellant's counsel, is applicable here: "There being no evidence fairly tending to prove the defenses offered, the peremptory instruction was properly given."

The judgment will be affirmed.

*Affirmed.*