### John Contratto, Appellee, v. Star Brewery Company, Appellant.

1. LANDLORD AND TENANT—*when obligation of former to repair not established.* Held, under the facts and circumstances of this case it did not appear that the landlord was under any obligation to make repairs.

2. LANDLORD AND TENANT—*duty of former upon abandonment.* "Upon the abandonment of the leased premises by the tenant, it was the right and duty of the landlord to take charge of the premises, preserve them from injury, and if it could, re-rent them, thus reducing the damages for which the lessee was liable."

Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

TURNER & HOLDER and BURROUGHS & RYDER, for appellant.

EARLY & WILLIAMSON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought this suit to recover rent from June 1, to December 1, 1910, at the rate of $35 a month for a building rented by him to appellant for saloon purposes in Maryville, Illinois.

The renting was evidenced by a written lease, the original of which stated that the term was to extend from May 15, 1904, to May 15, 1906; that the rental was to be $420 a year payable in monthly installments of $35 each; that at the expiration of the term the lessee would surrender the premises "in good order and condition as same now is, reasonable wear and tear, fire and unavoidable casualties only excepted." This lease was subsequently extended for a term of three years and the written memorandum thereof contained the statement that "The Star Brewery Company hereby agrees to keep in good repair, inside and outside of said building." At the expiration of this extension another agreement in writing was entered into extending the lease from May 15, 1909, to May 15, 1911, containing the provisions that "the said Star Brewery Company hereby agrees to keep said premises in good repair inside and outside in as good condition as they now are the usual wear and accident by fire and the elements excepted."

To the declaration which set out the lease and the extensions thereof in full, appellant pleaded the general issue, a plea of set-off for money due it from the loss of rents and on account of loss of profits on business, which moneys became due appellant by reason of the neglect and refusal of appellee to make the building on said premises tenantable; and also a plea of eviction stating, that by the terms of said lease, contract and the extensions attached thereto, it became and was the duty of the plaintiff to make such repairs as became necessary by the usual wear and tear, accidents by fire and the elements thereto; that by reason

of the natural and usual wear and tear and the action of the elements, the roof upon the building of said leased premises became dilapidated, rotten and out of repair and leaked to such an extent, the house became and was and still is untenantable; and that thereby appellant and its subtenant, were compelled to abandon the premises and surrender to appellee the key for the same. The trial resulted in a verdict and judgment in favor of appellee for $210.

Appellant complains that the court below erred in its rulings concerning the evidence and in regard to the instructions. On the trial it was stipulated that the extensions were attached to and became a part of the original lease and that rent was paid to June 1, 1910, and not thereafter.

It appeared from the evidence that the refusal of appellant to pay rent on the premises after June 1, 1910, was because the same were as claimed by it, badly out of repair, the condition of the roof being especially complained of. Appellee refused or neglected to make the repairs requested, and early in August appellant and its sub-tenant removed all their effects from the premises and offered the keys to appellee who refused to accept them until the rent was paid.

Appellant offered on the trial to prove that before and at the time of the execution of the last extension of the lease, appellee orally agreed to make such repairs as should be necessary on account of the usual wear and tear and accident by fire and the elements; that repairs were necessary to such an extent that the premises had become untenantable. The question of the admissibility of this evidence is discussed by counsel on both sides, but it does not appear to us to be pertinent for the reason that it is not raised by the pleadings in the case. Such evidence would virtually permit the setting up of an additional or supplemental oral contract to change or add to the written contract.

The right to introduce such evidence would under any condition of the pleadings, be extremely doubtful, but it is certain that the question cannot be raised under the pleas filed by appellant in this case.

Complaint is made by appellant because the court instructed the jury that although they believed from the evidence that plaintiff wrote to defendant he had an opportunity to re-rent the premises to another tenant, yet if they found that appellant did not surrender the premises to the appellee at that time, then there was no mutual agreement between the appellee and the appellant to surrender the lease and appellant was not thereby relieved from the payment of rent, according to the terms of the written lease. This instruction referred to a letter written by appellee on July 1, while the surrender or abandonment of the premises by appellant did not occur until some time in August, 1910. We think this instruction was free from error as appellant could not in law and in right be permitted to occupy the premises for about a month after the receipt of the letter and decline to pay rent for the time he occupied the same. Had it desired to take advantage of any statement contained in the letter, it should have abandoned the premises at once. By the original lease and extensions in writing, no duty was imposed upon appellee to make repairs. Humiston v. Wheeler, 175 Ill. 514; Smith v. McLean, 123 Ill. 210; Watson v. Moulton, 100 Ill. App. 560.

The next and last question raised by appellant, is that the court was in error in refusing it permission to prove by a number of witnesses that the premises in question could have been readily rented by appellee after they were given up by appellant, for from $20 to $25 a month; also in refusing certain instructions offered by it, raising the question of the duty of appellee as landlord to re-rent the premises and thus reduce the damages for which appellant might be liable.

We are of opinion that this evidence was properly admissible and that the instructions should have been given. While the law upon the question has been subject to some controversy in courts of different jurisdictions, we think the true rule is stated in West Side Auction Co. v. Conn. Ins. Co., 186 Ill. 156, where it is said: "Upon the abandonment of the leased premises by the tenant, it was the right and the duty of the landlord to take charge of the premises, preserve them from injury, and if it could, re-rent them, thus reducing the damages for which the lessee was liable." This appears to us to be a just and reasonable rule and was adhered to by us in the case of Hinde v. Madansky, 161 Ill. App. 216. See also Resser v. Corwin, 72 Ill. App. 625.

For the error in refusing to admit the evidence and give the instructions last referred to, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*