## Lee J. Spear, Defendant in Error, v. J. C. Haggarty, Plaintiff in Error.

## Gen. No. 16,275.

LANDLORD AND TENANT—*what does not bar action for rent.* If the lease gives to the landlord the right to re-enter and re-rent for the account of the tenant in the event of abandonment by him the fact of re-entering and re-renting will not bar the landlord's right to recover the difference between rent stipulated for in the lease and the amount collected by him as the result of re-renting.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 28, 1912.

T. M. POYNTON, for plaintiff in error.

DELLENBACK, RIESE & CODY, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

Lee J. Spear sued J. C. Haggarty in the Municipal Court of Chicago, to recover the sum of $145 for rent due on a lease. In April, 1908, Haggarty signed a lease of an apartment in the building known as No. 6416 Drexel avenue, Chicago, for the period from May 1, 1908, to April 30, 1909, and he moved into the premises. The lease contained the clause, "flat to be thoroughly renovated", and the evidence shows that it was so renovated by the lessor, Spear. The lease, also, contained the provision, "in case the demised premises shall be abandoned, deserted, or vacated, and remain unoccupied five days consecutively, the lessee hereby authorizes and requests the lessor, as lessee's agent, to re-enter the demised premises, * * * and proceed to re-rent the premises, at the lessor's option and discretion, and apply all money so received * * * toward the rent accruing under this indenture". In August, 1908, Haggarty moved out of, and abandoned, the premises, surrendering the keys. He made no effort to secure another tenant for the balance of the term. Later in the year, Spear leased the abandoned premises to a third party, who paid some money for rent to Spear, and who moved out in February, 1909. Spear did not procure another tenant prior to April 30, 1909,—the time of the expiration of the Haggarty lease. The sum of $145 is the balance due for rent from Haggarty for the entire term, less the sums received by Spear from said third party.

On the trial, at the conclusion of all the evidence,

the court directed the jury to return a verdict in favor of Spear, in the sum of $145, which was done, and judgment was entered upon the verdict.

We are of the opinion that the court did not err in directing said verdict. (Humiston, Keeling & Co. v. Wheeler, 175 Ill. 514; West Side, etc. Co. v. Connecticut, etc. Co., 186 Ill. 156.)

The judgment is affirmed.

*Judgment affirmed.*