## Anna J. S. Harmon, Appellee, v. A. P. Callahan, Appellant.

### Gen. No. 22,404.

1. LANDLORD AND TENANT—*duty of landlord to minimize damages by reletting*. In the absence of any agreement in a lease requiring a landlord to relet the premises, or of voluntary action on his part in that regard, mere abandonment of leased premises and re-entry by the landlord will not oblige him to endeavor, by affirmative action, to decrease the tenant's liability.

2. LANDLORD AND TENANT—*right of tenant to recoup loss from lessor's failure to endeavor to relet*. A provision in a lease that if the premises are abandoned or vacated they "shall be relet" by the landlord makes it his duty, upon abandonment by the tenant to endeavor, with reasonable diligence, to relet the premises; and defendant may show the loss resulting from the landlord's failure to do so and, to that extent, reduce his own liability for rent.

3. LANDLORD AND TENANT, § 317*—*when affidavit of merits presents issue in action for rent*. In an action against a guarantor for rent of premises, abandoned by the tenant, under a lease which provided that if the premises are abandoned or vacated they "shall be relet" by the landlord, an affidavit of merits which averred that the landlord not only failed to use diligence in endeavoring to relet, but gave out information to prospective tenants that she did not care to rent the property but wanted to sell it, and refused to receive propositions looking to the renting of the premises, presented an issue of fact which defendant was entitled to have tried.

4. LANDLORD AND TENANT, § 317*—*when issue of fact on termination presented in action for rent*. In an action against a guarantor for rent of premises abandoned by the tenant, an affidavit of merits which alleged that, after re-entering, the landlord, by her conduct, terminated the lease and brought to an end defendant's liability thereunder, involved matters of fact which defendant was entitled to have tried.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the April term, 1918. Reversed and remanded. Opinion filed April 30, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLARD C. McNITT and JOSEPH A. BATES, for appellant; JOHN L. HOPKINS and DONALD J. DE WOLFE, of counsel.

CULVER, ANDREWS, KING & COOK, for appellee; WELLS M. COOK, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

In a former opinion in this cause, we affirmed a judgment, in favor of the plaintiff, on the ground that the motion to strike an affidavit of merits from the files was not preserved by a bill of exceptions. *Harmon v. Callahan*, 207 Ill. App. 506. Since then the matter has been presented to the Supreme Court (*Harmon v. Callahan*, 286 Ill. 59) and we have been directed by them "to order the clerk of the Municipal Court of Chicago to certify to the Appellate Court the motion to strike the affidavit of merits from the files and then to consider the cause upon the merits." The record now before us contains the motion to strike, and all that remains for us to determine is whether the affidavit of merits presented a good defense.

The plaintiff's statement of claim in the Municipal Court was to the effect that the defendant, as guarantor of the rent of a certain lease, was liable to the extent of the rent accruing between February 1, 1912, and April 30, 1913, at $166.67 a month; that the plaintiff leased the premises known as 4035 Lake avenue, Chicago, to one Mary Foley, by a written lease dated April 26, 1910, for a term commencing May 1, 1910, and ending April 30, 1913; that the defendant wrote a guaranty on the back of said written lease; that the plaintiff on January 11, 1913, in another suit recovered judgment against the defendant for $1,667.70 and costs of suit as guaranty of the rent accruing between April 1, 1911, and January 31, 1912; that the

latter judgment establishes the validity of the lease and the guaranty as to the rent becoming due on said lease after January 31, 1912. The claim of the plaintiff was for $2,500. The defendant filed an affidavit of merits and subsequently an amended affidavit of merits. The plaintiff then moved that the amended affidavit of merits be stricken and the court granted the motion, with the exception of a part of the amended affidavit of merits, and entered judgment in favor of the plaintiff and against the defendant in the sum of $2,297.60.

Was the trial judge justified in striking the second amended affidavit of merits and entering judgment? The defense stated therein is substantially as follows: (1) That the plaintiff has repossessed herself of the premises and treated the terms of the lease as ended; that the plaintiff installed one Mary M. Seed in possession of the premises on or about October 1, 1911, and allowed her to remain in possession as a tenant until May 1, 1912; that he collected $100 in rent from her and gave her credit on account of rent for the sum of $102.40 for repairs on the building; that the repairs were not such as the defendant was chargeable with under the lease; that the plaintiff afterwards took judgment against said Mary M. Seed for $753 for rent for said premises, "all of which plaintiff retained for her own benefit, and in nowise credited to this defendant or to Mary Foley, nor has any offer to credit the same been made, * * * or offered to be made, either to this defendant or to Mary Foley"; that the plaintiff did not comply, and made no reasonable effort to comply, with clause 7 of the lease in re-renting or attempting to re-rent the premises; that Mary Foley vacated and abandoned the premises in March, 1911; that on January 31, 1912, the plaintiff was informed by Mary M. Seed that she was unable to pay rent; that notwithstanding that information the plaintiff "wholly failed to make any effort to put a tenant who would

pay any rent at all into said premises'' in violation of clause 7; (2) that after February 1, 1912, the plaintiff had possession, charge and control of the premises, pursuant to the terms of the lease, to the exclusion of all rights which the said Mary Foley ever had under her lease; that the plaintiff, after the vacation of said premises for the remainder of the term, stated by her agent to prospective tenants that she did not want to rent the property but wanted to sell it; that she made great effort to sell the premises, ''showing persons through the premises, and refusing to entertain propositions to rent,'' etc.; that the plaintiff has at all times since January 31, 1912, by her conduct, treated the lease as absolutely terminated; that after January 31, 1912, the plaintiff failed to comply with the requirements of the lease as to renting the premises; that no effort was made to get another tenant; that the plaintiff could have rented the premises at some rental but failed to do so and ''failed to make an honest effort to do so; that plaintiff had the keys to the property, had possession of the same, treated it as her own property, exercised complete dominion over it to the exclusion of any rights of Mary Foley under said lease, and was guilty of such conduct and such omissions of duty in violation of the terms of said lease as amounted to a breach of contract.''

In considering the nature of the defense set up in the amended affidavit of merits, it is necessary to consider the terms of the written lease. It is provided, in paragraph ''seventh'' of the lease, as follows: ''If said party of the second part shall abandon or vacate said premises, the same shall be relet by the party of the first part for such rent, and upon such terms as said first party may see fit; and if a sufficient sum shall not be thus realized, after paying the expenses of such reletting and collecting, to satisfy the rent hereby reserved, the party of the second part agrees to satisfy and pay all deficiency.''

Analyzing the amended affidavit of merits there is found set forth two defenses: (1) That the plaintiff re-entered and took possession of the premises and by his conduct terminated the lease and the defendant's liability thereunder; (2) that the plaintiff after re-entering should have made an effort to re-rent the premises, but failed to do so. The amended affidavit of merits does not deny the execution of the lease nor the guaranty of the defendant. As to the defense that the plaintiff did not use reasonable diligence to relet, the trial judge evidently ruled, in substance, that the plaintiff did not owe the defendant the duty to use reasonable diligence to relet the premises and thus decrease the loss of damage to the defendant.

The law in this State concerning the obligation of a landlord, after abandonment by the tenant and re-entry by himself, is not altogether plain. In *Contratto v. Star Brewery Co.*, 165 Ill. App. 507, the court held that it is the duty of the landlord to re-rent the premises and reduce the damages suffered by the tenant. That purports to be based on *West Side Auction House Co. v. Connecticut Mut. Life Ins. Co.*, 186 Ill. 156. But in the latter case the court only decided that as the evidence showed that neither the tenant surrendered nor did the landlord accept possession, there was no abandonment of the premises by the tenant, and no question arose as to liability on the landlord to endeavor to re-rent the premises. Mr. Justice Adams in *Rau v. Baker*, 118 Ill. App. 150, interpreting the *West Side Auction House Co.* case, *supra,* denied that it held that a landlord in case of abandonment by the tenant was bound to re-rent, if possible, or lose his rent. Further, in the case of *Rau v. Baker, supra,* it was stated—the principle being definitely involved in the decision of the case: "We know of no case in which it has been held that the landlord must, if he can, re-rent or lose his remedy against the lessee on the lease; nor do we think any such case can be

found. The contract remains in force, notwithstanding the abandonment of the premises by the tenant, and the tenant's covenant to pay rent is unimpaired; and we cannot understand how the tenant, by his own wrongful act, can impose on his landlord the alternative of diligently seeking another tenant or losing his remedy on the covenant." In *McCormick v. Loomis,* 165 Ill. App. 214, the court assumed, although there was no evidence even of re-entry by the landlord, that the latter "could only recover the rent agreed to be paid * * * less whatever she could have realized out of the premises as rents by the use of due diligence after they came into her possession." It would seem to be the law that where a lease is made, and subsequently the premises are abandoned by the tenant, and following that there is merely a re-entry by the landlord, the original contract still stands and the tenant is liable on his promise to pay rent; that mere abandonment and re-entry do not cancel the lease; and, further, that, under such circumstances, the mere abandonment of the premises by the tenant and re-entry by the landlord does not give rise to an obligation on the landlord to endeavor to re-rent. Of course, after re-entry, the landlord may by writing make himself liable to exercise diligence in re-renting, or he may re-enter and relet and be chargeable with the rents he actually obtains. But, in the absence of any such voluntary conduct, mere abandonment and re-entry do not oblige the landlord to endeavor, by affirmative action, to decrease the tenant's liability. The tenant and the landlord fixed their obligations when the lease was made, and no subsequent *ex parte* conduct on the part of the tenant and mere re-entry by the landlord, which may be for the necessary preservation of the premises, should increase the obligations of the landlord.

It is important to observe, however, that, in the instant case, clause 7 of the lease expressly provides

that if the premises are abandoned or vacated they "shall be relet" by the plaintiff. The facts here, therefore, are distinguishable from those in the cases cited above. In none of the foregoing cases was there an express contract by the terms of which the landlord was bound to exercise reasonable diligence to relet the premises. The contingency, that is, abandonment, for which the lease provided, having occurred, it then became the duty of the landlord, in fulfillment of his written promise, to endeavor, with reasonable diligence, to relet the premises; and, it follows, if the tenant is able to show a failure on the part of the landlord, he, the tenant, may be entitled to put in evidence going to show the loss, and to that extent reduce his liability for rent.

The defendant in her affidavit of merits avers that the plaintiff failed to make any effort whatever to relet the premises and that the plaintiff not only failed to use diligence in endeavoring to re-rent the premises, but gave out information to prospective tenants "that she did not care to rent the property, but wanted to sell it," etc., and, further, that she refused to receive propositions looking to the renting of the premises; certainly those averments precipitated an issue of fact. Also, the charge by the defendant that the plaintiff, after re-entering, by his conduct, terminated the lease and brought to an end the liability of the defendant thereunder, involved matters of fact which the defendant was entitled to have tried.

Being of the opinion, therefore, that the amended affidavit of merits should not have been stricken, the judgment is reversed and the cause remanded for trial.

*Reversed and remanded.*