Carp and Company, Appellant, v. Samuel Goldstine, Appellee.

Gen. No. 8,532.

452

Opinion filed November 4, 1931.

A. E. TAFF and FLOYD F. PUTMAN, for appellant.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD and ROBERT B. CHIPERFIELD, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is a suit to recover the rent for premises of appellant, leased to appellee and vacated by appellee during the term. Appellant leased to appellee the balcony and island window of their store in Canton for a term, commencing on June 1, 1925, and to extend for a period of two years. The rent was based upon a percentage of appellee's sales but was to be not less than $100 a month. Appellee occupied the balcony and island window from June, 1925, until September 1, 1926, and then abandoned the lease. The declaration contained three counts, based upon the written lease. To the declaration, appellee filed a plea of the general issue, with notice of defenses and an affidavit of merits. This notice of defenses and affidavit of merits are as follows:

That after the 1st day of September, 1926, the appellant re-entered upon the premises leased and repossessed itself of the same, and used the same from the 1st day of September, 1926, until the 31st day of May, 1927; that upon the vacation and surrender of

the premises on the 1st day of September, 1926, the
appellant re-entered and took possession of the island
window referred to in the agreement and continued to
possess and use the same in connection with its busi-
ness, and that the reasonable rental value of said win-
dow was $75 per month, which the appellee was en-
titled to set off by way of recoupment against the claim
for damages of the appellant; that after the alleged
vacation and surrender of the premises on the 1st
day of September, 1926, appellant did, on or about
the 1st day of October, 1926, cause to be built a
partition extending north and south across the said
store room from the level of the floor to the ceiling,
which cut off and separated the balcony referred to in
the appellant's declaration, whereby the appellant pre-
vented and destroyed the said balcony for use for any
of the purposes specified in said agreement, and did
appropriate the said balcony to its own use, by reason
whereof the appellee was discharged from liability
to pay the appellant any rents or sums demanded in
its declaration, and that after the 1st of September,
1926, the appellant re-entered and repossessed itself
of said premises and used the island window referred
to in the declaration for the purpose of displaying its
goods, wares and merchandise kept by it for sale at
retail, and by reason of the construction of the parti-
tion separating the balcony referred to in appellant's
declaration from the store room, did thereby ratify,
confirm and acquiesce and consent to the abandon-
ment of said premises by the appellee, and did thereby
release and discharge the defendant from any liability
to pay rent or damages under said agreement; that
after the 1st of September, 1926, it became the duty
of the appellant to take charge of said premises and
make reasonable effort to rerent the same for the
balance of the unexpired term, which the appellant
wholly failed to do, but, instead, made a re-entry on
the premises on the 1st day of September, 1926, and

during the remainder of the term did use said balcony and island window, by reason of which the appellee was released from the payment of damages claimed by the appellant; that the leasehold interest to the written agreement set forth in the appellant's declaration, after the vacation of the same on September 1, 1926, was an assignable interest, and as such its value to the appellant was of the sum of $800, and by taking over and occupying the window and construction of the partition, the assignable interest in and to the leasehold was destroyed, and that the appellee was entitled to set off by way of recoupment the damages sustained by him.

There was a trial by jury. Proofs were heard and upon the motion of appellee the court instructed the jury to find a verdict for defendant, appellee, and there was a verdict and judgment for appellee from which appellant has appealed.

On the proofs appellant showed the execution of the lease and occupancy by appellee. This was also shown by correspondence of appellee, and a letter written by him, giving the reason why he was abandoning the premises September 1, 1926. Sufficient testimony was introduced by appellant from which the jury could have inferred that appellant performed all of the covenants of the lease binding upon appellant to be performed.

Appellant's witness testified that appellant did not take possession of the balcony for the display of crockery; that appellant did not occupy the balcony with any part of its goods until after the expiration of the lease. It was further shown by appellant that it did not build a partition between the main part of the store and the part of the store where the balcony was located; that there has been no partition built in the store. It was shown that appellant used the island window to display merchandise for the reason that "if nothing was there it would have the appearance

that the store was vacant." Appellant's proof showed that appellant never accepted a surrender of the lease or the premises and only used a portion of the premises after appellee moved out. No proofs were offered or tendered tending to show the reasonable value of the use of the premises or any portion of them, nor what appellant did in an attempt to procure another tenant. Appellee offered no proofs. The court instructed the jury to find a verdict for appellee and the jury so found. All of the above proofs as to appellee's defenses were brought out by cross-examination of appellant's witness without objection.

Numerous questions, such as eviction, surrender of the premises, the landlord taking exclusive possession and other questions are discussed in the briefs at length, based upon no proofs in the record. It was held in *United Cigar Stores Co. v. Friend,* 257 Ill. App. 359, 367: "It has always been the law that when a tenant abandons leased premises, without fault of the landlord, the landlord may re-enter and rerent the premises, crediting the former tenant with the proceeds, and the landlord so taking possession does not relieve the tenant from liability for the stipulated rent. (*West Side Auction Co. v. Connecticut Mut. Life Ins. Co., supra; Marshall v. Grosse Clothing Co.,* 184 Ill. 421; *Humiston, Keeling & Co. v. Wheeler,* 175 Ill. 514; *Grommes v. St. Paul Trust Co., supra; Hirsch v. Home Appliances, Inc., supra; Harmon v. Callahan,* 214 Ill. App. 104; *Hicks v. Simons, supra; Scanlan v. Hoerth, supra; Spikings v. Fox,* 145 Ill. App. 337; *Rau v. Baker,* 118 Ill. App. 150; *Bradley v. Walker, supra; Gaines v. McAdam,* 79 Ill. App. 201.)

"In *Humiston, Keeling & Co. v. Wheeler, supra,* the court held:

'In order to constitute an eviction, the tenant must abandon the premises on account of the act of the landlord, and if defendant had already abandoned them, the entry by plaintiff would not constitute an

eviction. In cases showing abandonment without fault of the landlord, or as a result of his acts, he may re-enter and again rent premises and credit the lessee with the proceeds, and his so taking possession does not relieve from the payment of rent.' "

Appellee insists there is no appeal before this court from the judgment entered in the circuit court of Fulton county in this cause at the September Term, 1930. The verdict was entered in this cause November 13, 1930, and the court entered judgment at the same time on that day. Later, on the 19th of November, 1930, the same September Term of court, appellant presented his motion to set aside the verdict and for a new trial. The hearing on this motion was continued for the term. It was argued at the January Term, 1931, and the motion for a new trial overruled, another identical judgment entered and appealing orders taken. It is contended that the appeal does not bring up the judgment of November 13, 1930, for review. In this, appellee is in error. The judgment of November 13, 1930, never became a final judgment until the motion for a new trial was disposed of. In *Hosking v. Southern Pacific Co.,* 243 Ill. 320, 327, the court held:

"It must be admitted that what is said in these cases tends to support the position of plaintiff in error, but *National Ins. Co. v. Chamber of Commerce* did not really involve the question here under discussion, for the appeal in that case brought up for review nothing but the decision of the trial court in denying the motion to vacate the judgment, and that case has been overruled in the subsequent cases of *Hibbard v. Mueller,* 86 Ill. 256, and *Hearson v. Graudine,* 87 id. 115. In the *Hibbard* case it was held that where a motion is made at the term at which judgment is rendered to vacate and set it aside and is continued to a subsequent term, the court retains control over the

judgment and has power to allow the motion at a subsequent term. In *Hearson v. Graudine* it was held that where a motion is made to vacate and set aside a judgment the court retains jurisdiction at a subsequent term to allow it, and that the judgment does not become final, in a technical sense, until the motion is disposed of." (See other cases cited in the same opinion.)

In this case, if the rule stated in *Reddig v. Looney,* 208 Ill. App. 413; *Cooper v. Anderson,* 246 Ill. App. 322, 1; *Spengler v. Eiger,* 255 Ill. App. 322, 329, is adhered to, it is a serious question if appellant was required to submit any proofs in this cause in the first instance. The only issues made were presented by the plea and the affidavit of merits, and matters occurring after September 1, 1926, when appellee vacated the premises. The court erred in instructing the jury to find a verdict for appellee.

For the reasons stated, the judgment of the circuit court of Fulton county is reversed and the cause remanded for another trial.

*Reversed and remanded.*