### Herbert M. Sears, Trustee, Appellee, v. John C. Curtis, Appellant.

### Gen. No. 19,902.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. E. HILLSKOTTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded with directions. Opinion filed November 10, 1914.

### Statement of the Case.

Motion by John C. Curtis to have a judgment by confession against him in favor of Herbert M. Sears, trustee, opened up and to allow him to plead. From an order denying the motion, Curtis appeals.

The motion was supported by the affidavit of defendant, a resident of the city ·of Chicago. The affidavit, however, was subscribed and sworn to before Eben Lesh, a notary public in and for Huntington county, Indiana, and his signature and official seal were affixed to the document. Also attached thereto were the respective certificates of the clerk and judge of the Huntington Circuit Court to the effect that said Eben Lesh was a notary public duly qualified and authorized under the laws of the State of Indiana to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

act as such in said Huntington county. The notary did not himself certify that he was authorized to administer oaths in said Huntington county.

From the lease, which was filed with the *narr* and *cognovit,* it appeared that the same was executed on April 15, 1912, and by its terms plaintiff leased the premises to defendant for the term of three years, from May 1, 1912, to April 30, 1915, and defendant covenanted to pay plaintiff, as monthly rent, the sum of one hundred and forty dollars until April 30, 1914, and one hundred and fifty dollars per month thereafter, payable in advance on the first day of every calendar month during said term, and that he would not assign the lease, or let or underlet the premises, without the written consent of the lessor. The lease contained a clause whereby the defendant authorized any attorney of any court or record, on default of any of the covenants of the lease, to confess judgment from time to time in any actions brought by the lessor for any rent which might be then due by the terms of the lease, including thirty dollars attorney's fees in each case. On the back of the lease as filed was an indorsement, under the hand and seal of defendant, to the effect that the defendant, as lessee, assigned all his right and interest in and to the lease, from and after May 1, 1913, "unto The Curtis Company, John C. Curtis, Trustee," and that in consideration of the consent to this assignment by the lessor he *guarantied* the performance by said assignee of all the covenants on the part of the lessee mentioned in said lease. There was also an indorsement of the assignee, dated April 19, 1912, to the effect that said assignee assumed and agreed to make all payments from and after May 1, 1912, and to perform all the covenants and conditions of the lease by said lessee to be made and performed. There was also a third indorsement of the same date, signed and sealed by the plaintiff, as lessor, to the effect that he consented to the assignment of

the lease to said assignee, "on the express condition, however, that the assignor shall remain liable for the prompt payment of the rent and performance of the covenants on the part of the lessee as therein mentioned, and that no further assignment of said lease or subletting of the premises　*　*　*　shall be made without my written consent first had thereto." ·

In the affidavit of the defendant, filed in support of his motion that the judgment be opened, etc., it was stated, in substance, that said Curtis. Company was and is a copartnership; that the company paid all rentals accruing under said lease up to August 1, 1912, that on or about that date the company informed plaintiff that they had abandoned the premises and desired to have the lease cancelled; that plaintiff promised and agreed through said agents and representatives "to do all that could be done to re-rent said rooms and space"; that said company and affiant relied upon said promise and ceased to use said rooms in order that the same might be so relet; that in violation of said agreement plaintiff made no attempt to relet the premises but permitted the same to remain vacant until the fore part of the month of January, 1913, stating then for the first time that he would not show said rooms while there remained other unrented space in said building; that said rooms were desirable ones and could have been easily rented, and that the company would have been able to let or sublet the rooms had they been allowed so to do, and the loss to them would have been comparatively small; that at the times of the execution of said lease and the assignment of the same, affiant was the trustee and agent of said company; that it was agreed by and between plaintiff, affiant and said company that there should be no liability under said lease except against the trust funds of said company in the hands of affiant, as trustee; that pursuant to said agreement a rider was prepared by plaintiff's agents and representatives

and attached to and made a part of said lease, said
rider being made a part of the copy of said lease which
was delivered to affiant, but which said rider is not
attached to the copy of the lease filed with said *narr*
and *cognovit,* the same having been detached there-
from; that the word "trustee" used in said rider re-
ferred to this affiant as trustee for said Curtis Com-
pany; and that said rider so attached to said lease is
as follows: "All persons or corporations extending
credit to, contracting with or having any claim against
the trustee shall look only to the funds and property of
the trust for payment under such contract or claim,
or for the payment of any debt, damages, judgment or
decree, or for any money that may otherwise become
due or payable to them from the trustee, so that
neither the trustee nor the shareholders, present or
future, shall be personally liable therefor."

FRED A. DOLPH, F. L. SALISBURY and WILLIAM H.
GALLAGHER, for appellant.

HENRY M. HAGAN, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the
court.

## Abstract of the Decision.

1. JUDGMENT, § 56*—*when affidavit sufficient to require confessed
judgment to be opened.* On motion to open a judgment by confes-
sion entered against a lessee on a warrant of attorney contained in
a lease for rent due after the lessee's assignee of the lease had
abandoned the premises, an affidavit in support of the motion which
stated facts tending to show that the lessor made no effort to lessen
the damages by rerenting the premises, and also stated other facts
tending to show that defendant was not individually liable, *held* to
make a showing sufficient to require the court to open the judg-
ment.

2. LANDLORD AND TENANT, § 284*—*duty of lessor to rerent prem-
ises.* Where leased premises are abandoned before the expiration of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

the term, it is the duty of the lessor to exercise due diligence in rerenting the premises and thereby lessen the damages.

3. AFFIDAVITS, § 5*—*when defects in certificate of notary waived.* Where an affidavit in support of a motion to open a judgment by confession was made before a notary public in a certain county in another State, *held* that the fact that the notary did not certify that he was authorized to administer oaths in said county could not be urged on appeal where the point was not raised in the court below and both parties and the court treated the affidavit as valid.