*held* insufficient to show a payment thereon within ten years prior to the commencement of the action.

2. LIMITATION OF ACTIONS, § 117*—*when evidence insufficient to show new promise.* In an action upon a note due more than nineteen years prior to the commencement of the action, the evidence was *held* insufficient to show a new promise by defendant sufficient to prevent the bar of limitations.

### Edward Levy, Defendant in Error, v. C. O. F. Burkstrom, Plaintiff in Error.

### Gen. No. 19,657.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH. P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed February 24, 1915.

## Statement of the Case.

Action by Edward Levy against C. O. F. Burkstrom to recover an amount claimed to be due as rent of demised premises abandoned by the defendant. On February 24, 1910, plaintiff by a written lease rented the premises in question to defendant for a period of one year commencing May 1, 1910, at a monthly rental of fifty dollars. Defendant abandoned the premises September 30, 1910. On October 3, 1910, plaintiff caused judgment by confession to be entered on the lease for the sum of seventy dollars, of this sum fifty dollars being for the October rent and the balance being an attorney's fee provided for in the lease. This judgment was subsequently paid and satisfied. On November 29, 1910, plaintiff commenced an action against defendant to recover the sum of forty dollars for damages caused the premises, and recovered judgment for five dollars which was paid and satisfied.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Thereafter and on December 1, 1910, plaintiff caused judgment by confession to be entered against defendant for the sum of forty-five dollars, twenty-five dollars being for rent for half the month of November and the balance being for attorney's fees.

The order overruling defendant's motion to open the judgment was reversed in 174 Ill. App. 276. The cause was reinstated in the lower court and on trial without a jury judgment was rendered for plaintiff for twenty-five dollars, from which defendant brings error.

Plaintiff re-rented the premises November 1, 1910, for the unexpired term of the lease at the same rental, except that but twenty-five dollars was to be paid for the month of November.

OTTO G. RYDEN, for plaintiff in error.

HARRY C. LEVINSON, for defendant in error; LEO W. HOFFMAN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 284*—*amount of recovery on re-renting of premises after abandonment by lessee.* Where owing to the condition in which a lessee abandoning the demised premises before the expiration of the lease left the premises, the lessor on re-renting the same was unable to secure from the new tenant the full amount of the monthly payment stipulated in the original lease for the first month of the new tenancy, the lessor in an action against the defaulting tenant is entitled to recover the difference between the amount paid by the new tenant and that stipulated in the original lease.

2. LANDLORD AND TENANT, § 487*—*when lessor may take possession on abandonment by lessee.* Where a tenant abandons the demised premises before the expiration of the period for which they were leased, it becomes the right and duty of the lessor to take charge of the premises, and if possible re-rent them, and thus reduce the amount of the lessee's liability.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.