## Consumers Market House Company, Defendant in Error, v. L. Walter Powers, Plaintiff in Error.

### Gen. No. 20,448.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed March 23, 1915.

### Statement of the Case.

Action by Consumers Market House Company, plaintiff, against L. Walter Powers, defendant, for rent.

Defendant sublet certain premises from plaintiff under a sublease providing that he should occupy the premises "for a bakery store for the sale of bakery goods only and for no other purpose whatever." Defendant's lease also provided that if he abandoned or vacated the premises they should be relet by plaintiff "for such rent and upon such terms" as it should see fit.

The premises were abandoned by defendant, but before any further rent accrued he tendered plaintiff a tenant who offered to lease the premises as an office for a cleaning and dyeing establishment, but plaintiff refused to accept him.

To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

EVERETT & McGONIGLE, for plaintiff in error; JOHN C. EVERETT, of counsel.

SILBER, ISAACS, SILBER & WOLEY, for defendant in error; FREDERICK D. SILBER, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 310*—*when reletting of premises on vacation not required.* Where a sublessee vacates the premises and abandons his lease, the sublessor is not required to relet the premises to another person procured by the tenant, where such other person desires to use the premises for a different purpose from that to which the sublease restricted the use of the premises.

2. LANDLORD AND TENANT, § 310*—*when tender of new tenant by tenant abandoning sublease not a defense to action for rent.* The fact that a sublessee vacating the premises and abandoning his lease tenders a new tenant is no defense to an action for rent, where the business which the new tenant desires to conduct is not permitted by the terms of the lease.

3. LANDLORD AND TENANT, § 81*—*who bound by restrictive covenants.* A covenant in a lease restricting the use of the premises for certain specified purposes, is binding upon the lessees and subtenants.