# Franklin Marling, Appellee, v. H. M. Allison, Appellant

## Gen. No. 24,157.

1. LANDLORD AND TENANT—*when duty of landlord to relet vacated premises in order to minimize.* A landlord is under the duty to use reasonable diligence to relet an apartment in order to minimize the damages of the lessee, where the latter fails to give notice of his intention to vacate the premises prior to 60 days before the expiration of his term and the lease is thus automatically extended for a like term, pursuant to the terms of the lease, but, after notice by the tenant within the 60-day period, of his intention to vacate at the end of the term and before actual vacation of the premises, the landlord re-enters the premises and posts a sign indicating that the apartment is for rent.

2. LANDLORD AND TENANT—*when evidence as to landlord's refusal to relet premises erroneously excluded.* In an action by a landlord against a tenant to recover for rent for the portion of a second term that an apartment was unoccupied, after breach by the tenant of provisions of the lease making him liable for rent for the second term, due to failure to give timely notice of intention to vacate before the expiration of the first term, evidence that the landlord re-entered the apartment for the purpose of re-letting it before actual abandonment by the tenant, but after latter's declaration of intention to vacate at expiration of the term, and that thereafter the landlord refused to rent the premises for a lesser sum to suitable prospective tenants, was erroneously excluded.

Appeal from the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and remanded. Opinion filed February 11, 1919.

MAYER, MEYER, AUSTRIAN & PLATT, for appellant.

WINTERS, PRICE & STEVENS and J. C. RISK, for appellee; GEORGE M. STEVENS, of counsel.

MR. PRESIDING JUSTICE MCDONALD delivered the opinion of the court.

This is an action for rent alleged to be due under a lease on a certain apartment located in the City of Chicago. The court directed a verdict for the plaintiff, Franklin Marling, for the sum of $285, and from the judgment entered thereon this appeal has been prosecuted.

By the terms of the lease in question, plaintiff demised said apartment to the defendant for a term of one year from May 1, 1916, at an annual rental of $1,140, payable in monthly instalments of $95 each. Said lease also contained a provision requiring the lessee to give the lessor written notice of his intention to vacate the premises 60 days prior to the expiration of the term, in the absence of which it would be automatically renewed for a further period of one year, at the option of the lessor.

On March 12, 1917, defendant notified plaintiff in writing that he would vacate the said apartment on April 30, 1917. This notice having been given less than 60 days prior to the expiration of the term, plaintiff upon receipt thereof informed defendant that he would hold him for another year's rent, in strict conformity with the terms of the lease.

Defendant vacated the said apartment on April 30, 1917.

The judgment appealed from is for rent accruing for the months of May, June and July, 1917.

It appeared from the testimony of one Roth, a witness called on behalf of the defendant, that he saw a "for rent" sign in the apartment in question bearing the name of W. K. Young & Bro., plaintiff's renting agents; that thereupon he called at the office of the said agents and had a conversation with one Marsh, manager thereof, regarding the apartment in question; that this conversation took place during the latter part of March or the first week in April, 1917; that he inquired of said Marsh about the renting of the said apartment and informed him that he would be willing to pay $85 per month therefor; that at his

request the said Marsh called plaintiff on the telephone and informed him that he had a desirable and suitable tenant for the said apartment, who would take it for one year from May 1, 1917, at a monthly rental of $85; that at the conclusion of said telephone conversation the said Marsh informed the witness that it could not be done; that plaintiff was very much incensed about the matter; that he was determined to cause defendant all the trouble he could, and would force him to carry out the terms of the lease, and would not rent the said apartment to anybody else for less than $95 per month.

After both parties had rested, all the aforesaid testimony was, on motion of the plaintiff, stricken from the record, and thereupon the court directed a verdict for the plaintiff in the sum aforesaid.

It is urged by the defendant that the court erred in so doing; that plaintiff was, under the evidence here presented, required to use reasonable diligence to relet the said apartment in order to minimize defendant's damages.

The precise question here presented for determination has never been directly passed upon by our Supreme Court, and an examination of our Appellate Court reports discloses that the decisions therein reported in which this question arose are not in harmony.

Under a provision of the said lease, if the said apartment was vacated by the tenant during its term, plaintiff had the right to re-enter and relet same, as the agent of the defendant, who would nevertheless remain liable for any deficiency in rent.

While there is some conflict in the decisions on the question whether or not it is the duty of the landlord to re-enter and exercise reasonable diligence to relet the premises after an abandonment of such a lease in order to minimize the damages, yet it is well settled that where the landlord does so re-enter, the law imposes this duty upon him. *International Trust Co. v.*

*Weeks*, 203 U. S. 364; *Woodbury v. Sparrell Print*, 198 Mass. 1, 84 N. E. 441.

In the *Woodbury* case, *supra*, the landlord re-entered the demised premises after an abandonment of the lease by the tenant, and the court, in passing upon the question now confronting us, used the following language, which we think is applicable to the case at bar:

"At the trial the only defense relied upon was that the plaintiffs 'did not use due, proper and reasonable diligence to relet.' Upon this question the court ruled in substance that the plaintiffs owed to the defendants the duty to use reasonable diligence and to make the loss or damage to the defendants as light as they reasonably could. As a statement of a general rule applicable to cases like this, the ruling was correct."

The testimony stricken from the record tended to show that plaintiff re-entered the said apartment for the purpose of reletting same before the defendant actually abandoned it, but after he had declared his intention to vacate April 30, 1917; that thereafter plaintiff declined to accept a tenant whom his agents regarded as suitable and desirable and who, the evidence showed, was ready, able and willing to lease the apartment for one year at a rental of $85 per month. Such testimony presented two ultimate questions of fact for the determination of the jury, viz.: (1) Whether or not plaintiff had re-entered the said apartment and had undertaken to relet same; and (2) if so, whether under the circumstances he acted reasonably in rejecting the said offer of $85 per month, which would have minimized the damages to that extent. It is clear, therefore, that the court erred in striking the foregoing testimony from the record and in directing a verdict for the plaintiff.

For the reasons hereinabove assigned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*