GEORGE W. REED & others, trustees in bankruptcy, *vs.* BRISTOL COUNTY REALTY COMPANY, Inc.

Suffolk.    October 20, 1924. — November 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Landlord and Tenant,* Deposit to secure performance of covenants in lease.  *Contract,* Implied, Performance and breach.  *Bankruptcy,* Preference.  *Set-off.*

Provisions of a lease of a store building for one year were that the lessee should make a cash deposit "for security of the full performance of the within lease" and that the lessee should have the privilege of altering the front of the building provided he did not cut any of the glass in the store.  The lessee made the deposit and also made alterations and cut the glass in the front of the store; and he then became bankrupt and a receiver of his property was appointed, who forthwith

repudiated the lease and vacated the premises. His trustee in bankruptcy then brought an action for a return of the deposit. *Held,* that
(1) The provisions of the lease not having been fully performed by the lessee, the action must fail;
(2) The lessor's right to insist upon full performance before releasing his lien was unimpaired by the bankruptcy of the lessee;
(3) The assertion by the lessor of his right to enforce his lien was not a preference within the national bankruptcy act.

CONTRACT for $300 deposited with the defendant by Massachusetts Motors, Inc., the plaintiff's bankrupt, under the provisions of a lease described in the opinion. Writ dated December 14, 1921.

In the Superior Court, the action was heard by *Qua,* J., without a jury. Material findings and the substance of the requests by the plaintiffs for rulings are described in the opinion. There were findings for the Bristol County Realty Company, Inc., on the declaration and for the trustees in bankruptcy on a declaration in set-off. The trustees in bankruptcy alleged exceptions.

*G. W. Reed,* for the plaintiffs.

*L. Swig,* for the defendant.

PIERCE, J. This is an action of contract, brought by the duly qualified trustees in bankruptcy of the Massachusetts Motors, Inc., a corporation duly established (hereinafter called the lessee), to recover the sum of $300 with interest, which the lessee at the time of signing the lease had deposited with the defendant (hereinafter called the lessor) in compliance with the condition contained in the lease that " The lessee is to deposit with the lessor $300.00 in cash for security of the full performance of the within lease. . . . The Lessor is to pay six (6) per cent interest on the said ($300.00) deposit; said interest is payable only at the termination of the lease, together with the principal."

The lease, executed by the lessor and lessee on April 1, 1920, was of a store on Main Street, Taunton, Massachusetts, and for the term of one year beginning April 1, 1920; with the privilege of renewal for two years from April 1, 1921, on condition that the lessee gave written notice of his intention so to do on or before February 1, 1921. It recited that " The lessee may change the front of the store herein leased, pro-

vided that in so doing, he does not in any way injure the glass in any other store in the block during the alteration, and that he does not cut any of the glass in said store, and that he agrees to crate all remaining glass and place the same where directed by the lessor." The lessee occupied the premises from on or about April 1, 1920, till on or about August 28, 1920, when it became bankrupt and a receiver in bankruptcy was appointed on or about August 31, 1920. The receiver on or about September 1, 1920, vacated the premises and repudiated the lease. From September 5, 1920, to the end of the term the lessor rented the premises at a rental equal to or in excess of the rent reserved in the lease.

The lessee "at the time of taking possession of the premises, under the privileges granted in the lease, altered the store front and removed therefrom the ordinary front and substituted in place thereof a large plate-glass movable door so as to allow the movement of automobiles to and from the show-room, and while so doing cut the glass in said store, making it unfit for use in restoring the old front." About June 1, 1921, the front was restored to its original form at an expense to the defendant of $572. "No demand had ever been made by the lessor upon the receivers or trustees in bankruptcy to restore the premises to the original condition they were in at the time of the commencement of the rental period, but when the receivers in bankruptcy demanded the return of the deposit of three hundred dollars ($300) on or about October 14, 1920, the repayment was refused by the lessor."

The defendant filed a declaration in set-off alleging that the plaintiffs' bankrupt undertook at the termination of the lease to replace and restore the store front in the same condition it was in when leased; that the plaintiffs' bankrupt abandoned the premises and failed to restore it as agreed in the lease, whereby the defendant expended $572 in restoring the store front.

The judge found for the defendant in the principal case, and at the same time found in the declaration in set-off for the defendant therein (the trustees in bankruptcy), and ordered judgments accordingly. No exceptions were taken

or saved by the plaintiff in the declaration in set-off to the ruling of the judge. The plaintiffs, trustees in bankruptcy, duly excepted to the refusal of the judge to make certain rulings of law.

The contention of the plaintiffs as developed in their brief may be summarized as follows: The defendant was bound to prove, if it would defeat the action, how much damage the breaking of the covenant not to cut glass caused the lessor; and that it had made application of the deposit in compensation of the damage sustained, before the filing of the petition in bankruptcy. The plaintiffs rest these contentions upon the ground that the damage suffered by the lessor was not provable in set-off or counter claim within the provisions of the bankruptcy act, § 68, (*Cotting* v. *Hooper, Lewis & Co. Inc.* 220 Mass. 273), because it was not, within said § 68, " mutual debts or mutual credits " between the estate of the bankrupt and the creditor at the date of bankruptcy (bankruptcy act, § 63); in that no demand for the restoration of the store front was made upon the bankrupt before the petition in bankruptcy; that no demand legally could be made upon the receivers or trustees in bankruptcy who had repudiated the entire lease including the covenant in question; and that the application of the deposit to the damage after the petition in bankruptcy would operate as " a preference contrary to the intent of the United States bankruptcy act, § 70."

These contentions are unsound. The defendant lessor does not seek to establish any claim against the estate of the bankrupt, but asserts a right under the lease to retain the $300 in cash which was deposited by the lessee " for security of the full performance of the lease." The deposit of $300 in cash with the lessor as security for the full performance of the lease created a pledge which gave a right to the lessor to retain the fund until it was released by the full performance of the lease. This right was unimpaired by the bankruptcy of the pledgor. *Jerome* v. *McCarter,* 94 U. S. 734, 739. *Yeatman* v. *Savings Institution,* 95 U. S. 764. *Butterfield* v. *Woodman,* 139 C. C. A. 436. *Anderson* v. *Pacific Bank,* 112 Cal. 598. *In re Davison,* 179 Fed. Rep.

750. *Ward* v. *First National Bank of Ironton, Ohio*, 120 C. C. A. 655.

There is nothing in the contention that the assertion of the right to enforce the lien which the lessor had on the money was a preference within the bankruptcy act.

*Exceptions overruled.*