**Max Hirsch, Appellee, v. Home Appliances, Inc., Appellant.**

**Gen. No. 30,973.**

1. Landlord and tenant—*duty of landlord to relet premises after abandonment thereof by tenant before expiration of term.* The abandonment of leased premises before the expiration of the term places no obligation upon the landlord to relet them, or to exercise any diligence in that behalf, as a prerequisite to his right to enforce the covenants of the lease respecting the payment of rent for the unexpired portion of the term.

2. Landlord and tenant—*sufficiency of affidavit of merits to secure vacation of judgment by confession for rent procured after abandonment of premises on refusal of landlord to permit sublease.* Where a lease conditioned the right of the lessee to sublet upon the consent of the landlord, and further provided that if the tenant abandoned the premises before his term expired the right of the landlord to enforce the covenant to pay rent as to the unexpired portion of the term should not be conditioned upon the exercise by him of any diligence to relet the premises, no meritorious defense requiring the setting aside of a judgment by confession in an action for rent under such covenant, was presented by an affidavit of merits alleging that the landlord had refused to permit the lessee to sublet except under impossible conditions, where there was no allegation of facts warranting an inference that the landlord consented to a surrender of the leased premises, or that after abandoning the premises the lessee tendered a tenant who would take the premises for the same use and for the balance of the lessee's term.

Appeal by defendant from the Superior Court of Cook county; the Hon. Jacob H. Hopkins, Judge, presiding. Heard in the first

division of this court for the first district at the March term, 1926. Affirmed.   Opinion filed November 29, 1926.

WINSTON, STRAWN & SHAW, for appellant; HAROLD A. SMITH, of counsel.

EISENDRATH, SOLOMON & BORDEN, for appellee; DAVID S. EISENDRATH, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by the defendant in the trial court and from an order denying its motion to set aside a judgment theretofore entered by confession upon a written lease.

By the lease plaintiff demised to defendant certain premises in the city of Chicago for a period of two years, beginning May 1, 1924, for a monthly rental of $250, payable in advance.

The judgment was for the sum of $850, including $100 for attorneys' fees.

By the terms of the lease the premises were demised to defendant "to be occupied for a store-room for the storage and sale of Household Appliances & Electrical Fixtures and for no other purpose whatever."

By another paragraph the lease provided: "Said premises shall not be sublet in whole or in part to any person other than Lessee, and Lessee shall not assign this lease without in each case the consent *in writing* of Lessor first had and obtained."

By the twelfth paragraph thereof the lease provided that if the lessee vacated or abandoned the premises, or permitted the same to remain vacant for 10 days, or failed to pay rent, or violated any other covenant, "lessee's right to the possession of the demised premises thereupon shall terminate with or without any notice or demand whatever * * * and if the lessor so elects, but not otherwise, and with or with-

out such notice of election and any notice or demand whatsoever, this lease shall thereupon terminate, and upon the termination of lessee's right of possession as aforesaid, whether this lease be terminated or not, the lessee agrees to surrender possession   *   *   * and hereby grants to lessor full and free license to enter into and upon said premises, or any part thereof, to take possession thereof   *   *   * but such entry of said premises shall not constitute a trespass or forcible entry or detainer nor shall it cause a forfeiture of rent due by virtue thereof, nor waiver of any covenant, agreement or promise in said lease contained to be performed by lessee.''

In another paragraph the lease provided:

''If lessee's right to the possession of said premises shall be terminated in any way said premises, or any part thereof, may, but need not be, relet by lessor, for the account and benefit of lessee for such rent and upon such terms and to such person or persons and for such period or periods as may seem fit to the lessor, but lessor shall not be required to accept or receive any tenant offered by lessee nor to do any act whatsoever or exercise any diligence whatsoever in or about the procuring of another occupant or tenant to mitigate the damages of lessee, or otherwise, the lessee hereby waiving the use of any care or diligence by lessor in the re-letting thereof; and if a sufficient sum shall not be received from such re-letting   *   *   * lessee agrees to pay and satisfy all deficiency, but the acceptance of a tenant by lessor in place of lessee shall not operate as a cancellation hereof nor to release lessee from the performance of any covenant, promise or agreement herein contained and performance by any substituted tenant by the payment of rent or otherwise shall constitute only satisfaction *pro tanto* of the obligation of lessee arising hereunder.''

The amended affidavit, which was filed on behalf of the defendant and in support of its motion to set aside

the judgment, sets up the execution of the lease and alleges by way of defense to the claim for rent:

"That on, to wit, June 22, 1925, and at other times prior thereto, the defendant, finding that its occupancy of said premises was costly and unprofitable and causing a net loss to the defendant of approximately $500 per month, and being desirous of vacating said premises conferred with the plaintiff with reference to subletting or assigning said leasehold and submitted to the plaintiff one C. Lukis, as a thoroughly reliable, satisfactory assignee or sublessee, who was ready, willing and able to lease said premises from the plaintiff or defendant for the purpose of conducting a candy and confectionery store and otherwise to undertake the performance of all of the defendant's covenants under said lease;

"That the plaintiff stated that the defendant's business was satisfactory to the plaintiff and that he was willing to accept said C. Lukis as a tenant but only provided he should enter into a lease directly with the plaintiff at a large increase in rental, to wit, a rental of $500 per month, and refused to accept said C. Lukis as an assignee or sublessee from the defendant;

"That said C. Lukis refused to pay the exorbitant rental of $500 per month, but offered to perform the covenants and conditions of the lease from the plaintiff to the defendant, and also offered to enter into a lease with the plaintiff for the balance of defendant's term or for a longer term up to five years, based upon the then market value of said premises, which rental was estimated by said C. Lukis at the sum of $300 per month, and this the plaintiff refused to do.

"Affiant further states that on, to wit, the 30th day of June, 1925, it vacated the premises, removed its property therefrom, and placed the keys in the hands of the plaintiff personally.

"That within a day or two after the first day of July, 1925, plaintiff placed upon said premises a sign

'To Let' and thereafter continued to demand as rental for said premises a rental greatly in excess of the rental provided in defendant's said lease.

"Affiant further states that by reason of the facts aforesaid, and the refusal of the plaintiff to accept a thoroughly responsible, reliable and satisfactory assignee of the remainder of the defendant's term, there is nothing due under said lease to the plaintiff."

The briefs of the parties to this cause do not disclose any disagreement as to the rule to be applied upon motions to open up a judgment by confession. Such a motion is addressed to the sound discretion of the court, and the order of the court will be reversed only for an abuse of discretion.

The affidavit in support of the motion must disclose a meritorious defense, and it is construed most strongly against the defendant. Counteraffidavits are not received, and if a meritorious case is disclosed, the judgment will usually be set aside upon such terms as the court may deem just, and a trial granted. These rules are so well settled that a citation of authorities is deemed unnecessary.

The briefs further disclose divergent views upon the rule of law applicable when a tenant abandons the leased premises and the landlord re-enters under the terms of the lease.

The theory of the defendant is that in such case, in compliance with the general rule, it is the duty of a damaged party to use reasonable diligence in order to mitigate the damages sustained (see *Peck v. Chicago Rys. Co.*, 270 Ill. 34; Sutherland on Damages [4th Ed.] vol. 1, sec. 88, p. 311; 17 C. J. 767); and that it is the duty of the landlord lessor in such case to relet the premises, if possible, and apply the rent received in mitigation of the damages sustained.

It is conceded that the authorities on this proposition are conflicting, defendant contending that its theory has been approved by the Supreme Court of

Illinois in *West Side Auction House Co. v. Connecticut Mut. Life Ins. Co.*, 186 Ill. 156, and by the Supreme Court of the United States in *International Trust Co. v. Weeks*, 203 U. S. 364, following *Edmonds v. Rust & Richardson Drug Co.*, 191 Mass. 123.

It is also pointed out that the decisions of the Appellate Court on this question have been conflicting.

The rule for which defendant contends seems to have been first announced in a case arising in the Second District (*Resser v. Corwin*, 72 Ill. App. 625), where the rule was asserted without the citation of any authority tending to support it. The law as there stated has also been followed in two cases by the Appellate Court of the Fourth District, namely, *Hinde v. Madansky*, 161 Ill. App. 216, and *Contratto v. Star Brewery Co.*, 165 Ill. App. 507.

Also, the Second Division of this court in two abstracted opinions, namely, *Sears v. Curtis*, 189 Ill. App. 420, and *Levy v. Burkstrom*, 191 Ill. App. 478, seem to have approved of the same rule, while in the later case of *Marling v. Allison*, 213 Ill. App. 224, that court adheres to the same rule, citing with approval *International Trust Co. v. Weeks, supra*, and *Woodbury v. Sparrell*, 198 Mass. 1, 84 N. E. 441. That the Second Division, however, is not committed to this statement of law in the broad way for which defendant contends, is indicated by the opinions of that court as rendered in *Consumers Market House Co. v. Powers*, 192 Ill. App. 89, and *West v. McNaughton*, 211 Ill. App. 261.

In *Harmon v. Callahan*, 214 Ill. App. 104, the Third Division of this court, while expressing the opinion that the law was not "altogether plain," says: "It would seem to be the law that where a lease is made, and subsequently the premises are abandoned by the tenant, and following that there is merely a re-entry by the landlord, the original contract still stands and the tenant is liable on his promise to pay rent; that

mere abandonment and re-entry do not cancel the lease; and, further, that, under such circumstances, the mere abandonment of the premises by the tenant and re-entry by the landlord does not give rise to an obligation on the landlord to endeavor to re-rent. Of course, after re-entry, the landlord may by writing make himself liable to exercise diligence in re-renting, or he may re-enter and relet and be chargeable with the rents he actually obtains.''

That opinion also states that the question as to the liability of the landlord for a negligent failure to endeavor to rerent the premises was not involved in *West Side Auction House Co. v. Connecticut Mut. Life Ins. Co., supra.*

In so far as this Division of the Appellate Court is concerned, it has, we believe, at all times consistently held that there was ordinarily no obligation upon a landlord to rerent the premises where the same were abandoned by the tenant before the expiration of the lease.

In *Rau v. Baker*, 118 Ill. App. 150, in an opinion by Mr. Justice Adams, this court discussed the case of *West Side Auction House Co. v. Connecticut Mut. Life Ins. Co., supra,* saying:

''In that case the lessee sent to the agents of the lessor the keys of the demised building, with a letter to the effect that the lessee could not use the building, to which the agents replied that they would not consent to a cancellation of the lease. After the agents received the keys they put up 'to rent' signs on the building, and the lessee claimed that this showed a surrender of the property. The court held to the contrary, saying, among other things: 'Upon the abandonment of the leased premises by the tenant, it was the right and the duty of the landlord to take charge of the premises, preserve them from injury, and, if it could, re-rent them, thus reducing the damages for

which the lessee was liable,' " citing *Humiston, Keeling & Co. v. Wheeler*, 175 Ill. 514.

This court further said:

" 'In case of an abandonment, without fault of the landlord, or as the result of his acts, he may re-enter and again rent the premises, and credit the lessee with the proceeds; and his so taking possession does not relieve from the payment of rent.' This was said in answer to the claim by the tenant that the landlord's entry was an eviction. While in case of abandonment by the tenant the authorities are that the landlord may re-enter and re-rent, if he can, we know of no case in which it has been held that the landlord must, if he can, re-rent or lose his remedy against the lessee on the lease; nor do we think any such case can be found. The contract remains in force, notwithstanding the abandonment of the premises by the tenant, and the tenant's covenant to pay rent is unimpaired; and we cannot understand how the tenant, by his own wrongful act, can impose on his landlord the alternative of diligently seeking another tenant or losing his remedy on the covenant."

To this construction of the language used by the Supreme Court in *West Side Auction House Co. v. Connecticut Mut. Life Ins. Co.*, *supra*, this court has since uniformly adhered, as will be indicated by a consideration of *Scanlan v. Hoerth*, 151 Ill. App. 582; *Porter v. Duzeski*, 182 Ill. App. 6, and *Millers Mut. Casualty Co. v. Insurance Exchange Bldg. Corp.*, 218 Ill. App. 12; and that such is the better rule by weight of authority, see 16 R. C. L., § 483, p. 973, and 13 L. R. A. (N. S.) 405.

The decisions of this court, therefore, as well as the weight of authority, commit us against the rule for which defendant contends, and against the theory of the defense upon which the affidavit of merits was based, and, while the question has never been squarely passed upon by the Supreme Court of this State, we

are disposed to follow the reasoning in *Muller v. Beck,* 94 N. J. L. 311.

But whichever theory or rule should be adopted in this respect, it seems to us (construing the affidavit of defendant most strongly against it, as we must) that it fails to set up a meritorious defense. In the statement of facts we have recited at length the provisions of the lease in anticipation of this point. No case is cited from any court of any State from which it would not be easy to distinguish the record which we must here consider. No case holds, so far as we are aware, that the parties to a lease may not enter into a valid agreement with respect to this question by which the parties would be bound (and when we come to examine the lease it is at once apparent that the parties have specifically agreed that the landlord shall in no case be bound) to do the thing which defendant now contends plaintiff is obligated to do. If there is any decision anywhere which holds that the parties may not contract freely with each other with respect to such a situation as is disclosed by the affidavit of merits, that decision has not been called to our attention.

Again, if we examine closely the amended affidavit submitted in support of the motion, it appears therefrom that the request of the defendant to be released from its obligations of the lease was made on June 22, 1925, and that it was not until eight days thereafter, namely, June 30, 1925, that it vacated the premises, removing its property therefrom and placing the keys in the hands of the plaintiff. The lease, by its terms, was not assignable, except by the consent of the plaintiff given in writing; yet according to this affidavit the tenant in possession made demand upon his landlord that he accept a tenant other than himself and a tenant who proposed to conduct in the premises of the plaintiff a business other and different from that which, according to the terms of the lease,

might be conducted therein. It would certainly be a novel proposition to hold that a tenant in possession might thus force consent to an assignment from a landlord. It is true that the affidavit states that plaintiff said that the proposed tenant's business was satisfactory and that he was willing to accept him as a tenant, provided he would pay a larger rental per month. For aught that is disclosed by this affidavit, the use of plaintiff's premises for the purpose to which the proposed tenant was to devote it, would have been worth the higher rent which was demanded.

The only acts alleged to have taken place after defendant vacated the premises are: First, that the keys were placed in the hands of the plaintiff personally; second, that within a day or two after July 1 the plaintiff placed upon the premises a sign "To Let"; and third, that he thereafter continued to demand as rental for the premises a sum greatly in excess of the rental provided in defendant's lease.

There is no allegation that the landlord accepted the keys, nor any other fact from which a surrender and acceptance by the landlord, plaintiff, could be inferred. The placing of a sign "To Let" upon the premises is not shown to be in any way inconsistent with the provisions of the lease. The precise amount of increase in rent demanded is not alleged, nor is there any assertion that after the abandonment a tenant, who would take the premises for the same use and for the balance of the defendant's term, was tendered. Even if we adopt the rule laid down by the Massachusetts courts, this affidavit tendered in support of the motion to set aside the judgment failed to show a meritorious defense.

The order is therefore affirmed.

*Affirmed.*

McSURELY, P. J., and JOHNSTON, J., concur.