Alonzo W. Perry *vs.* Wilson Bros., Inc.

Suffolk.    March 23, 1927. — July 1, 1927.

Present: Rugg, C.J., Pierce, Carroll, Wait, & Sanderson, JJ.

*Landlord and Tenant*, Construction of lease. *Contract*, Construction. *Damages*, For breach of contract.

A lease on a printed form of a store in a city at a monthly rent of $1,083.33 to expire on September 1, 1925, contained in typewriting before the *habendum* clause the following: "The Lessee agrees to place in the hands of the Lessor $1,083.33 on or before December 1st, 1920, said $1,083.33 shall be held by the lessor during the full term of the lease as a guarantee of the fulfillment of the terms of the lease by the lessees and is to remain the lessor's in case of failure of the lessees to live up to said terms and covenants." In a printed portion of the lease following the *habendum* clause was a provision that in case the lessor reëntered and determined the lease for breach by the lessee, the lessee should be

liable to the lessor "for all loss and damages sustained by the Lessor on account of the premises remaining unleased or being let for the remainder of the term for a less rent than herein reserved." In an action by the lessor against the lessee for damages resulting from a breach of the lease, it was *held,* that

(1) The two quoted provisions could stand together; the amount deposited was security and the lessee received all he was entitled to if the deposit was credited upon an amount for which he was indebted under the second clause;

(2) While the lessor might charge to the lessee the expense of changes and alterations reasonably necessary in order to obtain or to retain an occupant at a proper rent, the putting in of a new store front was a permanent alteration of so substantial a character that as a matter of law it could not be assessed upon the lessee as damages under the provision above quoted;

(3) The lessor in the circumstances was entitled to recover as damages a reduction of rent suffered during three months, where it appears that the reduction induced a tenant to continue in possession when, but for the allowance made, he would have exercised his right to quit.

CONTRACT for damages resulting from a breach by the defendant of a lease in writing to him of numbers 6 and 8 Tremont Street in the city of Boston. Writ dated March 2, 1926.

In the Superior Court, the action was tried before *Dubuque,* J. The lease of the plaintiff to the defendant was to expire on September 1, 1925. The defendant vacated in October, 1922. Other material evidence and rulings by the judge are stated in the opinion. The judge ordered a verdict for the plaintiff in the sum of $2,546.13, and reported the action to this court for determination.

*M. L. Orlov,* for the plaintiff.

*J. J. Curran,* for the defendant.

WAIT, J. This is an action by a lessor against a lessee under a written lease to recover loss suffered in consequence of a breach of the terms of the lease, under a provision that, if the lessee failed to perform any of its covenants, the lessor might reënter as of his former estate and determine the lease, and that in case of such determination, the lessee should be liable to the lessor "for all loss and damages sustained by the Lessor on account of the premises remaining unleased or being let for the remainder of the term for a less rent than herein reserved."

There was no dispute that the terms of the lease were broken and that the lessor rightfully reëntered and determined it; nor that he suffered certain losses through inability to obtain as great rent during parts of the remainder of the term, and incurred certain expenses in connection with reletting for repairs and changes made by him. No question was raised of the good faith of the lessor, nor of the exercise of good judgment in the extent or cost of the repairs and changes.

The contentions of the defendant are, that it was not liable upon the facts. The plaintiff contends that he is entitled to recover for certain items not allowed by the judge. The case is before us upon a report after trial to a jury.

The lease, which was in printed form, contained this typewritten clause inserted before the *habendum:* "The Lessee agrees to place in the hands of the Lessor $1,083.33 on or before December 1st, 1920, said $1,083.33 shall be held by the lessor during the full term of the lease as a guarantee of the fulfillment of the terms of the lease by the lessees and is to remain the lessor's in case of failure of the lessees to live up to said terms and covenants." The amount, $1,083.33, equals one month's rent.

The defendant contends that this clause is an agreement for security for all losses sustained from nonfulfilment of the lease, which rendered the later printed covenant, quoted above, nugatory; and that as the plaintiff has admittedly retained the $1,083.33, a verdict should have been directed in its favor upon its motion therefor. The contention is not sound. Where both written and printed clauses in a lease can stand together they are to be so interpreted as to give force to both. If they cannot, then the written matter controls. *Ball* v. *Wyeth,* 8 Allen, 275. It is manifest that the amount deposited was security, that the two provisions can stand, and that the defendant receives all it is entitled to if the deposit is credited upon any amount for which it is indebted. The refusal to direct the verdict was right. *Reed* v. *Bristol County Realty Co. Inc.* 250 Mass. 284. *Cotting* v. *Hooper, Lewis & Co. Inc.* 220 Mass. 273.

We find no error in the refusal to permit recovery for the amount expended for putting in a new store front at 6 Tre-' mont Street. Undoubtedly the expense of changes and alterations reasonably necessary in order to obtain or to retain an occupant at a proper rent may be charged to the original lessee under a covenant like that in question. *Dickinson* v. *Talmage,* 138 Mass. 249. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 25. *Woodbury* v. *Sparrell Print,* 198 Mass. 1. But a change so substantial goes beyond the line of proper charges. Although ordinarily the question of the propriety of the change and of the expenditure for it is matter for a jury, we think the ruling here made was right. The change was a permanent alteration in the building resulting in benefit to the owner rather than a repair or temporary alteration for a tenant's use. Compare *Fletcher* v. *Bass River Savings Bank,* 182 Mass. 5.

The plaintiff, however, is entitled to recover the reduction in rent suffered in August, September and October, 1923, in order to retain the tenant, which induced him to continue in possession when, but for the allowance made, he would have exercised his right to quit. The action taken was of advantage alike to the original lessor and lessee. See *Woodbury* v. *Sparrell Print, supra.*

We need not consider the ruling on the exclusion of evidence offered by the plaintiff. He has not been prejudiced.

It follows that in accord with the terms of the report, the verdict for the plaintiff is to be increased by $249.99, the amount of the allowances in rent in August, September and October, 1923, with appropriate interest, and judgment is to be entered for the plaintiff on the verdict as so increased.

*So ordered.*